IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

                  Plaintiff,

v.

KEVIN CARR and SHERIFF BARRETT,

                  Defendants.[1]

OPINION and ORDER

21-cv-590-jdp

---

Plaintiff Brandon D. Bradley, Sr., who is also known as Brittney Bradley, is currently incarcerated at Green Bay Correctional Institution.[2] Currently before the court are several lawsuits that Bradley has initiated by filing complaints or other pleadings styled as motions for preliminary injunctive relief. But Bradley's ability to file lawsuits in the court is limited both by statue and by court sanctions.

Bradley has "struck out" under 28 U.S.C. § 1915(g), which means that she cannot obtain indigent status under § 1915 in any suit she files during the period of her incarceration, except for cases in which she alleges that she is in imminent danger of serious physical injury at the time she filed the lawsuit. S*ee Bradley v. Marchezki*, No. 20-cv-1031-jdp, 2022 WL 174366, at *1 (W.D. Wis. Jan. 12, 2022) (discussing Bradley's three-strike status). Also, because of Bradley's long history of filing complaints that violated Federal Rule of Civil Procedure 20 by containing unrelated claims against different sets of government officials, I

---

[1] I will direct the clerk of court to docket this order in each of Bradley's pending cases discussed in this opinion.

[2] Bradley, who has also filed lawsuits under the name Brittney Bradley, is a transgender woman. *See Bradley v. Novak*, No. 20-cv-48 (W.D. Wis.). In keeping with the court's practice in previous cases, I will use feminine pronouns to refer to Bradley.

have sanctioned her by stating that I would summarily dismiss any similarly flawed complaint she submits that clearly violates Rule 20. *See Bradley v. Novak*, No. 20-cv-328-jdp, Dkt. 27, at 3 (W.D. Wis. Dec. 15, 2020).

Bradley currently has the following complaints before the court for screening:

- 21-cv-590-jdp: Bradley brings claims against Wisconsin Department of Corrections and Dane County Jail officials, stating that she was falsely arrested, sexually assaulted while in DOC custody, harassed for being transgender while in county custody, denied treatment for medical and dental problems, harmed from extended isolation in segregation, and denied meals. Officials also fabricated records to place in her social services file.

- 21-cv-645-jdp: Bradley brings claims against county, state, and federal officials, including state and federal judges. She alleges that the county sheriff falsely arrested her; sheriff's deputies went "out on the highway in disguise to harass" her; jail staff unlawfully seized her property, resulting in her losing a criminal case; and state and federal judges and prosecutors have fabricated documents in her various criminal and civil cases.

- 21-cv-784-jdp: In 2019, Columbia Correctional Institution officers threatened her and later assaulted her; after her transport to the Dane County Jail, staff there destroyed video evidence she was planning to use in a criminal case and took off her clothes for no reason. The DOC Prison Rape Elimination Act coordinator did not investigate her allegations of being assaulted at Waupun Correctional Institution and Columbia Correctional Institution.

- 22-cv-30-jdp, 22-cv-31-jdp, and 22-cv-32-jdp: In summer and fall 2021, Bradley harmed herself multiple times by attempting to hang herself, swallowing pencils, cutting her wrist, and inserting objects into her rectum. Dane County Jail staff failed to prevent her repeated self-harm and on at least one occasion did not send her to the hospital to remove the objects from her rectum. A state-court judge threatened to hold Bradley's criminal trial without her present if she continued to attempt suicide. Upon Bradley's transfer to the Dodge Correctional Institution (DCI), she was placed in temporary lockup instead of being immediately sent to a hospital to remove the objects from her rectum. As of early December 2021, she continued to suffer from stomach pain and rectal bleeding, but DCI staff failed to treat her.

Because of her filing bars, Bradley cannot proceed with any of these cases. I will dismiss the first set of cases (Nos. 21-cv-590-jdp, 21-cv-645-jdp, and 21-cv-784-jdp) without prejudice because they violate Rule 20. Despite my repeated warnings that I would summarily dismiss future complaints that violate Rule 20, Bradley has yet again filed complaints raising multiple sets of claims against different sets of government officials, most of them either Dane County Jail officers or state DOC officials, that do not belong together in the same lawsuit. Additionally, she seeks to sue judicial officers, in part because she says that she is being held unlawfully. Even aside from Bradley's Rule 20 problems, this court cannot consider a challenge to the validity of her confinement in a civil rights lawsuit; she would have to raise those claims in a petition for writ of habeas corpus, and even then only after she has exhausted her state-court remedies. *See Bradley v. Fuchs*, No. 21-cv-49-jdp, 2021 WL 1946408, at *2 (W.D. Wis. Apr. 27, 2021) (dismissing Bradley's habeas petition without prejudice for her failure to exhaust state-court remedies).

Bradley's second set of cases, Nos. 22-cv-30-jdp, 22-cv-31-jdp, and 22-cv-32-jdp, are all about a series of incidents in which Bradley harmed herself at the Dane County Jail. She also discusses a lack of medical care after she was transferred to Dodge Correctional Institution. But Bradley cannot proceed in forma pauperis with any of these three cases because they do not meet the imminent-danger standard of 28 U.S.C. § 1915(g).

To meet the imminent-danger requirement, a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Bradley filed each of these cases after she was

transferred to Green Bay Correctional Institution (GBCI), so her allegations in each case involve alleged misconduct by officials at facilities at which she is no longer incarcerated. Despite Bradley filing these cases after her transfer to GBCI, she does not include any allegations against the staff there.

Because Bradley does not allege that she is currently at risk of harm at GBCI, she is barred from proceeding in forma pauperis on her claims. I will dismiss each of these cases without prejudice. Bradley could still bring her claims as a paying litigant by prepaying the entire $402 filing fee for any of the three cases she wishes to pursue. If Bradley pays the filing fees by the deadline set below, I will reopen those cases.

## ORDER

IT IS ORDERED that:

1. Case Nos. 21-cv-590-jdp, 21-cv-645-jdp, and 21-cv-784-jdp are DISMISSED without prejudice under this court's December 15, 2020 sanction against her.

2. Case Nos. 22-cv-30-jdp, 22-cv-31-jdp, and 22-cv-32-jdp are DISMISSED without prejudice under 28 U.S.C. § 1915(g), subject to being reopened if Bradley submits the $402 filing fee for each case by February 16, 2022.

Entered January 26, 2022.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge